# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **JOHNNY RAY BLEVINS**, | ) | |
| Plaintiff, | ) | Civil Action No. 1:16cv00025 |
| | ) | |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| **NANCY A. BERRYHILL**, | ) | |
| **Acting Commissioner of** | ) | By: Pamela Meade Sargent |
| **Social Security,** | ) | United States Magistrate Judge |
| Defendant. | ) | |

In this social security action, I am asked to rule on a motion for an attorney's fee, (Docket Item No. 16) ("Motion"). Based on the reasoning set out below, I recommend that the court grant the Motion.

Johnny Ray Blevins filed this action challenging the final decision of the Commissioner of Social Security, (Commissioner), denying his claims for a period of disability and disability insurance benefits, (DIB), and supplemental security income, ("SSI"), under the Social Security Act, as amended, (Act), 42 U.S.C.A. §§ 423 and 1381 *et seq*. (West 2011, West 2012 & 2018 Supp.). The Commissioner answered the suit, filing the administrative record. Thereafter, on January 5, 2017, the Commissioner filed a Motion For Remand And Request For Entry Of Final Judgment, (Docket Item No. 13), which the court granted by Order and Judgment entered the same day. (Docket Item Nos. 14, 15.) Counsel for Blevins now has filed a petition seeking approval of a fee of $4,575.00 for representing Blevins in this court, pursuant to 42 U.S.C.A. § 406(b). (Docket Item No. 16.) The Commissioner has responded to the Motion, not objecting to the plaintiff's request

1

for a fee or to the amount requested. (Docket Item No. 20.)  Jurisdiction of this court exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  This case is before the undersigned magistrate judge by referral, pursuant to 28 U.S.C. § 636(b)(1)(B).  As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

In proceedings under title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ."  42 U.S.C.A. § 406(b)(1)(A) (West 2011 & 2018 Supp.).  In a recent case, the United States Supreme Court held that "[t]he 25% cap applies only to fees for representation before the court, not the agency."  *Culbertson v. Berryhill,* 139 S. Ct. 517, 522 (2019).

The Supreme Court has held that a district court, in determining a fee under § 406(b)(1)(A), must consider the fee arrangement between the client and the attorney, including a contingency fee arrangement, as the first step in testing the requested fee for reasonableness. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 808 (2002). Blevins's counsel provided the court with a fee agreement in this case. (Docket Item No. 19-1.)[1]  Counsel also has provided the court with a copy of the Social Security Administration's February 13, 2018, Notice of Award Letter, which states that $70,300.00, or 25 percent, was withheld from Blevins's past-due

---

[1] This agreement between Blevins and counsel is dated September 5, 2013, and is entitled "Retainer Agreement For Legal Services With The Law Firm Of Wolfe Williams Rutherford & Reynolds Social Security Disability & SSI Fee Agreement."  Counsel and Blevins agreed that if Blevins's claims progressed to either the Appeals Council or U.S. District Court and were favorably decided, his counsel may elect to use the fee petition process and would be entitled to 25 percent of all past-due benefits without limitation. (Docket Item No. 19-1.)  However, in the Notice of Award Letter, the SSA stated that it could not approve this Agreement because "it sets a fee amount that is more than 25 percent of past-due benefits or $6,000.00."

benefits for payment of an attorney's fee. (Docket Item No. 17-1).

Also, in determining a reasonable fee, courts should consider whether counsel's actions contributed to a delay allowing an accumulation of past-due benefits or whether the benefits awarded are large in comparison to the amount of time expended by the attorney. *See Gisbrecht*, 535 U.S. at 808. Furthermore, it appears proper for the court to consider the so-called lodestar method of fee determination, whereby a reasonable fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, to assess the reasonableness of the agreed fee. *See Gisbrecht*, 535 U.S. at 801-02 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) ("[t]he most useful starting point for [court determination of] the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Also, the fee petitioner bears the burden of justifying a requested fee. *See Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984).

In the present case, Blevins's counsel has supplied evidence that shows that a total of 27.0 hours was spent in representing Blevins in this court. While counsel indicated that some of the tasks were performed by him, he did not indicate that all the tasks were performed by him. Counsel also has not suggested an appropriate hourly fee for either his services or any paralegal services rendered in this case.

The court notes that "it is not proper to award a full attorney rate for activities that should more effectively be performed by nonlawyers." *Chapman v. Astrue*, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1401-02 (4th Cir. 1987)). Additionally, "purely clerical

3

tasks are ordinarily part of a law office's overhead and should not be compensated for at all." *Chapman*, 2009 WL 3764009, at *1 (citing *Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986)).  In *Chapman*, this court found that it is proper to award a reduced hourly rate for nonattorney time spent "on the theory that their work contributed to their supervising attorney's work product, was traditionally done and billed by attorneys, and could be done effectively by nonattorneys under supervision for a lower rate, thereby lowering overall litigation costs." 2009 WL 3764009, at *1 (quoting *Cook v. Brown*, 68 F.3d 447, 453 (Fed. Cir. 1995)).

Keeping these principles in mind, an examination of the itemized record submitted by counsel in this case makes clear that some of the time should be reduced or eliminated. Additionally, there are other billed activities that would more appropriately have been included at a nonattorney rate or are excessive. Plaintiff's counsel claims 0.25 hour of time for sending various forms to the plaintiff, including the IFP form, assignment of EAJA fees form and declaration of net worth form, 0.25 hour of time for the creation of a portable document format, ("pdf"), folder in which to file USDC documents relevant to this case and 0.25 hour of time for receipt and scanning of these completed forms.  I recommend that the court allow 0.50 hour of nonattorney time for these activities combined. Plaintiff's counsel claims 0.25 hour of time for preparation of the Complaint, Summons and Civil Cover Sheet and 0.25 hour of time for electronically filing the same with this court, saving the documents to the USDC folder and sending a copy of the Complaint to the plaintiff.  I recommend that the court allow 0.50 hour of nonattorney time for these activities.  Plaintiff's counsel also claims 0.25 hour of time for receipt and review of emails from this court with attachments, including the order granting IFP status and the Consent to Magistrate Judge Jurisdiction form, and 0.25 hour of time for emailing the Consent to Magistrate Judge

4

Jurisdiction form back to the court. I recommend that the court allow 0.25 hour of nonattorney time for these activities combined. Plaintiff's counsel claims 0.25 hour of time for "summons signed with seal from USDC for service of process. To shelf." It is not entirely clear what this is, but it does appear that this is a clerical task. Therefore, I recommend that the court allow 0.25 hour of nonattorney time for this. Plaintiff's counsel also claims 0.25 hour of time for preparation and mailing of the certified letter to the United States Attorney General, the United States Attorney and the Office of the General Counsel with the Summons and Complaint in order to perfect service. I recommend that the court allow 0.25 hour of nonattorney time for this. Plaintiff's counsel claims a total of 0.75 hour of time for receipt of confirmation of completion of service for these parties. I recommend that the court allow 0.25 hour of nonattorney time for this. Plaintiff's counsel also claims 0.25 hour of time for preparation and electronically filing the completion of service with the court and saving the documents to the USDC folder. I recommend that the court allow 0.25 hour of nonattorney time for this. Plaintiff's counsel claims 0.25 hour of time for receipt of an email from the court with the Summons attached showing that it was returned executed and indicating that the Commissioner was served on July 14, 2016, with an Answer due on November 14, 2016. I recommend that the court allow 0.25 hour of nonattorney time for this. Plaintiff's counsel claims 0.50 hour of attorney time for reviewing the file. I recommend that the court allow 0.50 hour of attorney time for this. Plaintiff's counsel also claims 0.25 hour of time for receipt of an email from this court with the Commissioner's Answer and the Administrative Transcript attached and saving the same to the USDC folder. I recommend that the court allow 0.25 hour of nonattorney time for this. Plaintiff's counsel also claims 0.50 hour of time for receipt of an email from this court with the Magistrate Judge Consent Notice and the Social Security Briefing Notice attached and for attorney review of the file. I

5

recommend that the court allow 0.25 hour of nonattorney time and 0.25 hour of attorney time for this. Plaintiff's counsel claims 0.25 hour of time for entering the brief due date on the calendar and notebook. I recommend that the court allow 0.25 hour of nonattorney time for this. Plaintiff's counsel also claims 0.25 hour of time for review of the file. I recommend that the court allow 0.25 hour of attorney time for this.

    Plaintiff's counsel claims a total of 18.25 hours of time for work performed in relation to preparation of the Motion for Summary Judgment and the Supporting Brief. I recommend that the court allow 5.00 hours of attorney time and 3.00 hours of nonattorney time for these activities combined. Plaintiff's counsel also claims 0.25 hour of time for emailing the Motion for Summary Judgment and the Supporting Brief to the paralegal for filing of the same. I find this request reasonable, and I recommend that the court allow 0.25 hour of attorney time for this. Plaintiff's counsel claims 0.25 hour of time for electronically filing the Motion and Brief with this court, receipt of a notice of this electronic filing, saving the same to the USDC folder and sending a cover lever and copy of the notice to the plaintiff. I recommend that the court allow 0.25 hour of nonattorney time for this. Plaintiff's counsel also claims 0.75 hour of time for receiving an email from this court with plaintiff's Motion for Summary Judgment and the Supporting Brief attached and saving the same to the USDC folder. I recommend that the court allow 0.25 hour of nonattorney time for this. Plaintiff's counsel claims 0.50 hour of time for review of the file. I find this request reasonable, and I recommend that the court allow 0.50 hour of attorney time for this. Plaintiff's counsel also claims 0.50 hour of time for attorney receipt of an email from the Social Security Administration, ("SSA"), inquiring whether he would object to a remand of the plaintiff's case, attorney's review of the file and his email to the SSA that he did

not object to a remand. I find this request reasonable, and I recommend that the court allow 0.50 hour of attorney time for this. Plaintiff's counsel claims 0.25 hour of time for review of the file for case status. Again, I find this request reasonable, and I recommend that the court allow 0.25 hour of attorney time for this. Plaintiff's counsel also claims 0.25 hour of time for receipt of emails from this court with the Commissioner's Motion to Remand, the Order Granting the Motion to Remand and the Judgment attached, as well as saving these documents to the USDC folder. I recommend that the court allow 0.25 hour of nonattorney time for this. Lastly, plaintiff's counsel claims 0.75 hour of time for attorney review of the file. I find this request reasonable, and I recommend that the court allow 0.75 hour of attorney time for this.

Based on the revisions stated above, the fee computation is divisible into two categories of costs: attorney time and nonattorney time. There is a total of 8.25 hours of attorney time and a total of 7.00 hours of nonattorney time. This court has held that $75 is a reasonable hourly rate for nonattorney time. *See Chapman*, 2009 WL 3764009, at *2 (citing *Alexander S. v. Boyd*, 113 F.3d 1373, 1377 n.1 (4th Cir. 1997) (paralegal services compensated at $65 per hour where lead counsel compensated at $225 per hour and associate counsel at $100 per hour). At a $75 rate, $525.00 of the requested fee would be payable for nonattorney time. That would leave $4,050.00 for counsel's time, which, if paid for the remaining 8.25 hours of work, would result in a payment of approximately $490.91 per hour. While I cannot, in good conscience, find that such a fee in a social security disability case is per se reasonable, I am, as stated above, obliged to consider Blevins's fee agreement, which allowed for the payment of 25 percent of past-due benefits without limitation. Here, 25 percent of Blevins's past-due benefits amounts to $70,300.00. The amount requested is $65,725.00 less than that allowed

7

under the fee agreement. There is no evidence that counsel's actions contributed to a delay allowing an accumulation of past-due benefits. Additionally, the Government has responded to the Motion and states that it does not object to the award of the requested fee. Considering these things, I find that a total fee of $4,575.00 is reasonable for the attorney's services before this court, and I recommend that the court award the requested attorney's fee in the amount of $4,575.00.

## RECOMMENDED DISPOSITION

For the foregoing reasons, I recommend that the court grant the Motion and enter judgment awarding the plaintiff's attorney a fee of $4,575.00.

### Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(C) (West 2018):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendation as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.
>
> Failure to file timely written objections to these proposed findings and

recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

DATED: April 23, 2019.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE